UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE DELL STORNES,

        Plaintiff,                     Case No. 1:07-cv-739

v.                                            Honorable Robert Holmes Bell

VAUGHN GUILD,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. On August 8, 2007, this Court ordered service of Plaintiff's complaint on Defendant Vaughn Guild. On September 27, 2007, Defendant filed a motion for summary judgment (docket # 8) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response in opposition (docket # 11) with a supporting brief and attachments (docket #12) on or about October 10, 2007. Upon review, I recommend that Defendant's motion for summary judgment be denied.

### Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for

determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendant has the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Facts

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the West Shoreline Correctional Facility (MTF). In his *pro se* complaint, he sues MTF psychological clinician Vaughn Guild. Plaintiff alleges that Defendant involuntarily terminated him from the Sex Offender Therapy Program (SOP) because he could not complete written work assignments as the result of his learning disability. Plaintiff alleges that his disability entitles him to reasonable accommodations, including special education assistance. According to Plaintiff's allegations in the complaint, after involuntarily terminating him from the SOP, Defendant falsified the reasons for Plaintiff's leaving the program, characterizing it as a voluntary termination. Plaintiff further alleges that Guild falsely represented that Plaintiff refused to take responsibility for his conduct. Plaintiff alleges that Defendant's conduct violated MDOC policy and the Americans with Disabilities Act (ADA).

### Discussion

I. Standard of Review

Defendant claims that he is entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing

3

an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

      II.    MDOC Policy

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be

---

[1] The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

4

limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

5

### III.   Grievances

Plaintiff filed one grievance related to his claims, MTF 0608-0592-12c, and appealed it through Step III. Defendant contends, however, that Plaintiff improperly filed his complaint before receiving his Step III response. As a consequence, Defendant asserts that Plaintiff's complaint must be dismissed because he failed to exhaust administrative remedies before filing his federal action. *See* 42 U.S.C. § 1997e(a) ("No action may be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, . . . until such administrative remedies as are available are exhausted."); *Booth*, 532 U.S. at 733; *Porter*, 534 U.S. at 532. Defendant argues that dismissing Plaintiff's complaint will deter future prisoners from filing before completing the grievance process.

In response, Plaintiff contends that he waited months for a response to his Step III grievance appeal. Plaintiff produces his grievance records indicating that the Step III appeal was received by the MDOC Grievance and Appeals Division on January 8, 2007. (Pl. Resp. to Mot. for Sum. J., Att. 3; docket #12-4.) Plaintiff did not submit his federal complaint for filing until July 27, 2007, over six months after he had filed his Step III grievance appeal. The Step III grievance response was signed and approved on July 2, 2007, though the response had not yet been received by Plaintiff at the time of filing. Plaintiff contends that the grievance must be considered exhausted under MDOC grievance policy because the entire grievance process was required to be completed within 90 days from the date the Step I grievance was filed, unless an extension was approved in writing and communicated to the prisoner. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶U. Here, Plaintiff filed his Step I grievance on August 17, 2006, just three weeks shy of a full year before he filed his complaint. Plaintiff contends that he was never notified of an extension under ¶ U, and Defendant has not alleged that such an extension was approved.

6

Defendant's motion for summary judgment is frivolous. First, it is beyond dispute that the Step III grievance had been resolved more than three weeks before Plaintiff's action was filed, regardless of whether Plaintiff had been notified of that resolution. All administrative remedies, therefore, unquestionably were completed before the federal action was filed.

Second, the MDOC entirely failed to follow its own mandatory requirements regarding the grievance process:

> Time limitations *shall* be adhered to by the grievant *and staff* in all steps of the grievance process. Grievances and grievance appeals at all steps shall be considered filed on the date sent by the grievant. The total grievance process from the point of filing a Step I grievance to providing a Step III response *shall be completed* within 90 calendar days unless an extension has been approved in writing by the Grievance Coordinator or the Prisoner Affairs Section at one of the steps in the grievance process. An extension *shall not exceed* 15 business days. The Grievance Coordinator or, at Step III, the Prisoner Affairs Section *shall immediately notify* the grievant in writing whenever an extension has been approved; the extension also shall be noted in the grievance response.

MICH. DEP'T OF CORR., Policy Directive 03.02.120, ¶ U (emphasis added). It is clear that no grievance respondent, at any level, sought an extension of time to complete the grievance review, despite the unequivocal language of the policy. Defendant makes no such representation, Plaintiff was informed of no extension, and the grievance response makes no mention of an extension. Further, any extension could not exceed 15 days. Inasmuch as the Step III response took almost seven months to complete – many months more than the 90-day limit for the entire grievance process – any extension vastly exceeded 15 days.

It is impossible to accept Defendant's representation that "[d]ismissing this suit will deter future inmates from filing before completing the grievance process . . . further[ing] the purposes of the PLRA and the prison grievance process . . . ." Instead, dismissing this lawsuit would

7

permit the MDOC to violate its own policies without penalty at the expense of prisoners. Neither the PLRA nor the policies themselves would be furthered by dismissal of the complaint.

### Recommended Disposition

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #18) be granted based on Plaintiff's failure to exhaust his available administrative remedies.

Dated:   February 26, 2008                       /s/  Joseph G. Scoville
                                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).